United States District Court
Eastern District of New York
----------------------------------------X
DANIELLE SYSKA,

                Plaintiff,

   -*against*-

ANDREW M. SAUL, COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

                Defendant.
----------------------------------------X

**MEMORANDUM & ORDER**
19-cv-7212 (KAM)

**MATSUMOTO, United States District Judge**:

        Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff Danielle Syska ("plaintiff" or "Ms. Syska") appeals the final decision of defendant Commissioner of Social Security ("defendant" or the "Commissioner"), which found that plaintiff was not eligible for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act") and that plaintiff was not eligible for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act, on the basis that plaintiff is not disabled within the meaning of the Act.  Plaintiff alleges that she is disabled under the Act and is thus entitled to receive SSI benefits, due to severe medically determinable mental and physical impairments that have prevented her from performing any work since March 10, 2015.  (ECF No. 20, Administrative Transcript ("Tr.") at 15.)

        Presently before the court are plaintiff's motion and memorandum of law in support of plaintiff's motion for judgment

on the pleadings, (ECF No. 15, Notice of Motion; ECF No. 16, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings ("Pl. Mem.")), defendant's cross-motion and memorandum of law in support of defendant's cross-motion for judgment on the pleadings, (ECF No. 17, Cross Motion for Judgment on the Pleadings; ECF No. 18, Defendant's Memorandum of Law in Support of Defendant's Cross-Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on the Pleadings ("Def. Mem.")), and plaintiff's reply memorandum of law in support of plaintiff's motion for judgment on the pleadings (ECF No. 24, Plaintiff's Reply Memorandum of Law ("Pl. Reply").) For the reasons set forth below, the plaintiff's motion for judgment on the pleadings is granted, and the case is remanded for further proceedings consistent with this Memorandum and Order.

## BACKGROUND

The parties have submitted a joint stipulation of facts detailing plaintiff's medical history and the administrative hearing testimony, which the court incorporates by reference. (*See generally* ECF No. 19-1, Joint Stipulation of Facts ("Stip.").) On February 24, 2016, plaintiff filed an application for SSI benefits and Disability Insurance Benefits ("DIB"), claiming that she had been disabled since March 10, 2015 due to severe major depressive disorder, anxiety, and

memory issues.  (Tr. at 206-11.)  Plaintiff alleges disability due to traumatic brain injury, depression, and attention deficit hyperactivity disorder.  (*Id.*)

The Social Security Administration (the "SSA") initially denied plaintiff's application on August 3, 2016, based on its finding that plaintiff was not disabled.  (Tr. at 126-35; Pl. Mem. at 2.)  On September 20, 2016, plaintiff requested an administrative hearing before an Administrative Law Judge ("ALJ") to review her claim for SSI.  (Tr. at 134-136.)  Plaintiff appeared at the hearing on July 12, 2018, represented by Francis Kehoe, an attorney with Sullivan & Kehoe, LLP, and testified before ALJ Roxanne Fuller.  (*Id*. at 36-54.)  Ronald Malik, a vocational expert, also appeared and testified at the hearing.  (*Id*.)  When asked if plaintiff could be employed and take an hour nap each day in addition to qualified breaks, Mr. Malik responded that plaintiff "would most likely not meet productivity and not be able to maintain any employment."  (*Id*. at 53.)  Similarly, when asked whether plaintiff could be employed and be absent from work four times per month, Mr. Malik responded "[t]hat would eliminate all competitive employment."  (*Id.*)

On November 26, 2018, ALJ Fuller issued a Notice of Decision denying plaintiff's claim for SSI benefits based on her finding that plaintiff was not disabled.  (*Id*. at 12-31 (the

3

"ALJ Decision").)  Specifically, ALJ Fuller found that although plaintiff has several severe impairments, plaintiff had the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels" but with few "nonexertional limitations." (*Id*. at 19-20.)

Plaintiff appealed the ALJ Decision to the Appeals Council on November 26, 2018, on the basis that "the ALJ erred by failing to properly evaluate the opinion evidence of record, by failing to consider a Social Security Interviewer's observations, and by failing to properly assess the claimant's RFC." (*Id*. at 301.)  The Appeals Council denied plaintiff's request for review on October 18, 2019, rendering the ALJ's Decision the final decision of the Commissioner. (*Id*. at 1-9.)

Plaintiff commenced the instant action on April 28, 2015. (*See* ECF No. 1, Complaint filed December 3, 2019.)  On December 30, 2019, this court issued a scheduling order. (ECF No. 5, Scheduling Order.)  Plaintiff requested and was granted three requests for an extension of the schedulings. (ECF Nos. 9, 10, and 13; Dkt. Orders dated 8/11/2020, 9/8/2020, 11/16/2020.)  On November 17, 2020, Plaintiff filed her motion for judgment on the pleadings and accompanying memorandum of law. (*See* ECF Nos. 15 and 16.)  On November 17, 2020, defendant filed his cross-motion for judgment on the pleadings and accompanying memorandum of law. (ECF Nos. 17 and 18.)  Later

that same day, plaintiff filed her reply memorandum of law (ECF No. 19.)

**LEGAL STANDARD**

Unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. §§ 405(g), 1383(c)(3). A district court, reviewing the final determination of the Commissioner, must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

A district court may set aside the Commissioner's decision only if the factual findings are not supported by substantial evidence or if the decision is based on legal error. *Burgess v. Astrue,* 537 F.3d 117, 127 (2d Cir. 2008). "Substantial evidence is more than a mere scintilla," and must be relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (citing *Richardson v. Perales*, 420 U.S. 389, 401 (1971)) (internal quotation marks omitted). If there is substantial evidence in the record to support the

Commissioner's factual findings, those findings must be upheld. 42 U.S.C. § 405(g). Inquiry into legal error "requires the court to ask whether 'the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act.'" *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). The reviewing court does not have the authority to conduct a *de novo* review, and may not substitute its own judgment for that of the ALJ, even when it might have justifiably reached a different result. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

To receive disability benefits, claimants must be "disabled" within the meaning of the Act. *See* 42 U.S.C. §§ 423(a), (d). A claimant is disabled under the Act when she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Shaw v. Chater*, 221 F.3d 126, 131-32 (2d Cir. 2000). The impairment must be of "such severity" that the claimant is unable to do his previous work or engage in any other kind of substantial gainful work. 42 U.S.C. § 423(d)(2)(A). "The Commissioner must consider the following in determining a claimant's entitlement to benefits: '(1) the objective medical facts [and clinical findings]; (2) diagnoses

6

or medical opinions based on such facts; (3) subjective evidence of pain or disability . . . ; and (4) the claimant's educational background, age, and work experience.'" *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 262 (E.D.N.Y. 2001) (quoting *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999)).

Pursuant to regulations promulgated by the Commissioner, a five-step sequential evaluation process is used to determine whether the claimant's condition meets the Act's definition of disability. *See* 20 C.F.R. § 404.1520. This process is essentially as follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Burgess*, 537 F.3d at 120 (internal quotation marks and citation omitted); *see also* 20 C.F.R. § 404.152(a)(4).

During this five-step process, the Commissioner must consider whether "the combined effect of any such impairment . . . would be of sufficient severity to establish eligibility for Social Security benefits." 20 C.F.R. § 404.1523. Further, if the Commissioner does find a combination of impairments, the combined impact of the impairments, including those that are not severe (as defined by the regulations), will be considered in

the determination process. 20 C.F.R. § 416.945(a)(2). At steps one through four of the sequential five-step framework, the claimant bears the "general burden of proving . . . disability." *Burgess*, 537 F.3d at 128. At step five, the burden shifts from the claimant to the Commissioner, requiring that the Commissioner show that, in light of the claimant's RFC, age, education, and work experience, the claimant is "able to engage in gainful employment within the national economy." *Sobolewski v. Apfel*, 985 F. Supp. 300, 310 (E.D.N.Y. 1997).

Lastly, federal regulations explicitly authorize a court, when reviewing decisions of the SSA, to order further proceedings when appropriate. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is warranted where "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotation marks omitted). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts*, 94 F.3d at 39. However, if the record before the court provides "persuasive proof of disability and a remand

for further evidentiary proceedings would serve no purpose," the court may reverse and remand solely for the calculation and payment of benefits. *See, e.g.*, *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir. 1980); *Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013).

## **DISCUSSION**

Plaintiff contends that ALJ Roxanne Fuller did not correctly assess the severity of her impairments, nor did the ALJ properly consider the opinions offered by her treating physician. (Pl. Mem. at 1.) Specifically, plaintiff asserts that the expert opinion evidence from her physician "documents a substantial loss in the ability to meet the requisite basic mental demands of unskilled work." (*Id.*) In the Commissioner's cross-motion for judgment on the pleadings, the Commissioner contends that substantial evidence supports the Commissioner's decision that plaintiff "retained the capacity to perform a range of unskilled, low-stress work at all exertional levels." (Def. Mem. at 3.) In plaintiff's reply memorandum, she asserts that the ALJ did not give the appropriate weight to her treating physicians, and, if she had, she would have determined Ms. Syska was unable to meet the demands of unskilled work. (Pl. Reply. at 1.)

For the reasons set forth below, the court finds that the ALJ erred in not following the treating physician rule by

9

failing to set forth a rationale for the weight assigned to plaintiff's treating psychiatrist and social worker. Thus, the court finds the ALJ committed legal error in her decision and orders a remand for further findings on these grounds.

I. **The ALJ's Disability Determination**

Using the five-step sequential process to determine whether a claimant is disabled as mandated by the regulations, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since March 10, 2015, the alleged onset date of her disabilities. (Tr. at 17.)

At step two, the ALJ determined that plaintiff suffered from the following medically determinable impairments: traumatic brain injury, major depressive disorder, generalized anxiety disorder, bipolar disorder, and attention deficit disorder. (Tr. at 18.) The ALJ found that plaintiff's medically determinable impairments significantly limited claimant's ability to perform basic work activities. (*Id.*)

At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or medically equals Medical Listing 12.04 (depressive, bipolar and related disorders), Medical Listing 12.06 (anxiety and compulsive disorders), and Medical Listing 12.11 (neurodevelopmental disorders). (*Id.* at 18.) Specifically, the criteria set forth in paragraph B of Medical Listings were not

satisfied because the ALJ found that plaintiff had moderate (not marked) limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves. (*Id*. at 18-19.) In making this determination, the ALJ referenced progress notes by Paul Agnelli, MD, staff psychiatrist (Exhibit B4F), Dr. Agnelli's medical source statement (Exhibit B5F), hospital records and progress notes from South Nassau Communities Hospital and Rehab (Exhibits B14F and B15F), progress notes from South Nassau Medical Health Counseling Center (Exhibit B6F), and a psychiatric evaluation by Kathleen Acer, PH.D. (Exhibit B8F). (*Id*. at 18-19.) Additionally, the ALJ found that the criteria set forth in paragraph C of the Medical Listing were not satisfied based on the evidence in the record. (*Id*. at 19.)

At step four, the ALJ determined that plaintiff had the residual function capacity ("RFC") to perform a full range of work at all exertional levels but some limited nonexertional limitations: "occasional exposure to moving mechanical parts; occasional operate [sic] a motor vehicle; occasional exposure to unprotected heights; able to perform routine and repetitive tasks; able to work in a low stress job, defined as having only occasional decision-making required and only occasional changes in the work setting; no interaction with the public; and only

11

occasional interaction with co-workers and supervisors." (*Id.* at 21-23.)

The ALJ compared plaintiff's testimony to plaintiff's medical records. (*Id.* at 20-28.) The ALJ concluded that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.* at 20.) The ALJ further determined that plaintiff was unable to perform any past relevant work as a dental assistant and home health aide. (*Id.*)

At step five, the ALJ found that, based on plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that plaintiff can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969, and 416.969(a). (*Id.* at 29). The vocational expert testified that plaintiff would be able to perform the requirements of representative occupations such as order picker, packager, folder, and nut driver. (*Id.* at 30.) Thus, the ALJ concluded that plaintiff was not disabled within the meaning of the Act, since March 10, 2015, through the date of the ALJ's November 26, 2018 decision. (*Id.*)

## II. The ALJ Erred in Assessing the Opinions of Dr. Agnelli and Ms. Fabio

In general, "an ALJ should defer to 'to the views of the physician who has engaged in the primary treatment of the claimant.'" *Cichocki v. Astrue*, 534 F. App'x 71, 74 (2d Cir. 2013) (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003)).[1] "However, '[a] treating physician's statement that the claimant is disabled cannot itself be determinative.'" *Id.* (quoting *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)). "Rather, 'a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s)' will be given 'controlling weight' if the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Id.* (quoting 20 C.F.R. § 404.1527(c)(2)).

"An 'ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various factors to determine how much weight to give to the opinion,' including: '(i) the frequency of examination and the

---

[1] The Commissioner has revised its rules to eliminate the treating physician rule, and ALJs are now to weigh all medical evaluations, regardless of their sources, based on how well supported they are and their consistency with the remainder of the record. *See* 20 C.F.R. §§ 404.1520b; 416.920c. Claims filed before March 27, 2017, however, are still subject to the treating physician rule, *see id.* § 404.1527(c)(2), and the Court accordingly applies the rule to this case, as plaintiff filed her claim on February 24, 2016. *See, e.g., Conetta v. Berryhill*, 365 F. Supp. 3d 383, 395 n.5 (S.D.N.Y. 2019).

13

length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.'" *Id.* (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)). "The ALJ must then 'comprehensively set forth his reasons for the weight assigned to a treating physician's opinion.'" *Id.* (quoting *Burgess*, 537 F.3d at 129). The regulations also require that the ALJ "always give good reasons" in determining the weight assigned to the treating source's opinion. *See* 20 C.F.R. § 416.927(c)(2); *see also Schaal v. Apfel*, 134 F.3d 496, 503 (2d Cir. 1998). The ALJ is not required to cite each factor explicitly in his decision, but must ensure he applies the substance of the rule. *Halloran*, 362 F.3d at 32.

### a. The Medical Opinion of Dr. Agnelli

Plaintiff contends that her mental impairments are severe and the ALJ did not accord the appropriate weight to Dr. Agnelli's medical opinion. (Pl. Mem. at 8-15.) Dr. Angelli opined that plaintiff had "extreme limitations in maintaining concentration, pace and attention for extended periods of at least two hours, performing complex, repetitive, or varied tasks, marked deterioration in personal habits, ability to

14

perform activities within a schedule, maintain regular attendance, be punctual, understand, carryout, and remember instructions, respond to customary work pressures, respond appropriately to changes in work setting, and use good judgment on the job." (*Id.* at 27.)

The ALJ chose to give "little weight" to the opinion of Dr. Agnelli. (Tr. at 27-28.) The ALJ determined that "the claimant's limitations are not as severe as Dr. Agnelli opined." (*Id.*) This conclusion is not corroborated by the medical evidence in the administrative record and the ALJ simply recites two occurrences when plaintiff took medication for her symptoms and the medications appeared to have some beneficial impact. (*Id.*)

The ALJ failed to consider the *Burgess* factors, such as the length, frequency, nature or extent of Dr. Agnelli's relationship with the plaintiff, or provide a persuasive rationale supporting the weight given. *See Burgess v. Astrue,* 537 F.3d 117, 128 (2d Cir. 2008); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 268 (E.D.N.Y. 2010) (citing *Risitano v. Comm'r of Soc. Sec.*, No. 06-CV-2206(FB), 2007 WL 2319793, at *5 (E.D.N.Y. Aug. 9, 2007) (remanding the case and directing the ALJ to "identify the evidence [the ALJ] did decide to rely on and thoroughly explain ... the reasons for his decision" if the ALJ did not intend to

rely on the opinions of plaintiff's treating physicians); *Torregrosa v. Barnhart*, No. CV-03-5275(FB), 2004 WL 1905371, at *6 (E.D.N.Y. Aug. 27, 2004) (remanding because "(1) there is a reasonable basis to doubt whether the ALJ applied the correct legal standard in weighing the opinions of [the treating physicians], and (2) the ALJ failed to give good reasons for the weight, or lack thereof, given to those opinions").) Accordingly, remand is warranted because the ALJ did not any provide "good reasons" for giving the treating physician's opinions less weight. Further, the ALJ's failure to take into account the length of the treatment relationship and frequency of the examination, and thereby any "evidence supporting its satisfaction, is of heightened importance" where the claimed impairments include: "depression, bipolar disorder, panic disorder, and generalized anxiety disorder," as is the case here. *Abate v. Comm'r,* 18-CV-2040 (JS), 2020 WL 2113322, at 4 (E.D.N.Y. May 4, 2020) (internal citations omitted).

Moreover, the ALJ did not explain why it credited the findings of Dr. Acer, a consultive examiner, over those of Dr. Agnelli, plaintiff's treating physician. It is well established that the ALJs should not rely on a consultive examiner's opinions after a single examination over a treating physician. *See Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990). The ALJ failed to explain why Dr. Acer's opinion is "consistent" with

16

the evidence on the record, while Dr. Agnelli's is not. (Tr. at 25-27.) Moreover, an inconsistency between the opinion of a treating physician and that of a consultative examiner "is not sufficient, on its own, to reject the opinion of the treating physician." *Cammy v. Colvin*, No. 12-CV-5810, 2015 WL 6029187, at *14 (E.D.N.Y. Oct. 15, 2015) (quoting *Donnelly v. Comm'r of Soc. Sec.*, 49 F. Supp. 3d 289, 305 (E.D.N.Y. 2014)). Dr. Agnelli has considerably more insight into plaintiff's symptoms and related limitations from his years-long treating relationship with plaintiff than Dr. Acer does from a one-time examination. And, although Dr. Acer did report that plaintiff could "follow and understand simple instructions and direction" (Tr. at 25), Dr. Agnelli's opinion is not inconsistent with this finding, given that Dr. Agnelli also found that plaintiff had "intact judgment and insight." (Stip. at 8.) The ALJ simply concluded that Dr. Agnelli's opinion was not consistent with the evidence without providing good reasons.

Accordingly, because the evidence that purportedly contradicted Dr. Agnelli's opinion was neither substantial nor properly characterized, Dr. Agnelli's opinion should have been accorded controlling weight. On remand, the ALJ is directed to accord controlling weight to Dr. Agnelli's opinion and explain in detail the factors required by the Second Circuit in *Halloran* or *Burgess* as discussed *supra*.

### b. The Opinion of Ms. Fabio

Plaintiff contends that the ALJ failed to accord the appropriate weight to Ms. Fabio's medical opinion. Although Ms. Fabio is a social worker and not a physician, she had an ongoing treatment relationship with plaintiff during the relevant time frame. (Tr. at 657.) Ms. Fabio treated plaintiff from December 2013 through June 2017. (*Id*.) Given the length and extent of treatment, Ms. Fabio's opinion should be considered. *See Emsak v. Colvin*, No. 13-CV-3030, 2015 U.S. Dist. LEXIS 108926, at 14 (E.D.N.Y. Aug. 18, 2015) (finding that the social worker's opinion should be considered when the social worker has an ongoing treatment relationship). Here, however the ALJ provided little explanation as to why she gave Ms. Fabio's opinion "little weight." (Tr. at 27-28.)

Though the ALJ has the discretion to discount a social worker's opinion, he or she must explain that decision, which the ALJ failed to do in this case. *See Canales v. Commissioner of Social Sec.*, 698 F.Supp.2d 335, 344 (E.D.N.Y.2010); accord SSR 06-03p, 2006 WL 2329939, at 2-3 (Soc. Sec. Admin. Aug. 9, 2006) ("[M]edical sources ... such as ... licensed clinical social workers [ ] have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources ... are important and should be

18

evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."). The ALJ discounts Ms. Fabio's opinions and concludes that the opinion is accorded little weight because "it is inconsistent with the evidence as a whole." (Tr. at 27.) Notably, however, Ms. Fabio's opinion is consistent with that of Dr. Agnelli. Therefore, the ALJ erred by failing to weigh every medical opinion, as required by 20 C.F.R. § 416.927(c).

## **CONCLUSION**

Federal regulations explicitly authorize a court, when reviewing decisions of the SSA, to order further proceedings when appropriate. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is warranted where "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (quoting *Pratts*, 94 F.3d 34, 39) (internal quotation marks omitted). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts, 94 F.3d at 39*. If, however, the record before the court provides "persuasive proof of disability and a remand for further

19

evidentiary proceedings would serve no purpose," the court may reverse and remand solely for the calculation and payment of benefits. *See, e.g., Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013).

For the reasons previously set forth, the court grants plaintiff's motion for judgment on the pleadings; denies defendant's cross-motion for judgment on the pleadings; and remands this case for further proceedings consistent with this Memorandum and Order. The Clerk of Court is respectfully directed to close this case and enter judgment in favor of plaintiff. **SO ORDERED.**

DATED:    May 31, 2021
             Brooklyn, New York

//s//
**HON. KIYO A. MATSUMOTO**
United States District Judge